IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>             *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600<br><br>U.S. DEPARTMENT OF THE AIR FORCE<br>1670 Air Force Pentagon<br>Washington, DC 20330-160<br><br>U.S. DEPARTMENT OF TRANSPORTATION,<br>Office of the Secretary<br>1200 New Jersey Avenue SE<br>Washington, DC 20590<br><br>FEDERAL AVIATION ADMINISTRATION,<br>800 Independence Avenue, SW<br>Washington, DC 20591<br><br>GENERAL SERVICES ADMINISTRATION,<br>1800 F. Street NW<br>Washington, DC 20405<br><br>             *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18-787 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the Defendant agencies under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Defense (DOD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of the records that American Oversight seeks.

7. Defendant U.S. Department of the Air Force (USAF) is a component of DOD and is also headquartered in Washington, DC. USAF has possession, custody, and control of the records that American Oversight seeks.

8. Defendant U.S. Department of Transportation (DOT) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOT has possession, custody, and control of the records that American Oversight seeks.

9. Defendant Federal Aviation Administration (FAA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. FAA has possession, custody, and control of the records that American Oversight seeks.

10. Defendant U.S. General Services Administration (GSA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. GSA has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

11. As described below, American Oversight filed three FOIA requests seeking documents that would shed light on matters of significant public concern regarding federal government activities and operations: travel practices of senior federal officials, including use of non-commercial air travel at taxpayer expense.

*MILAIR FOIA Request*

12. On October 17, 2017, American Oversight submitted a FOIA request ("MILAIR FOIA") seeking:

> 1) Records sufficient to identify each time any of the following were approved to use, or actually used, military aircraft (commonly referred to as "MILAIR") for official or

      personal travel, other than travel on the same plane as the President or the Vice President of the United States:

- any executive branch agency secretary (other than the Secretary of Defense), administrator, commissioner, chair, director, or other agency head
- any member of White House staff (other than the President or Vice President of the United States)
- any member of Congress or congressional staff

2) Correspondence between DOD and any executive branch agency, the White House staff, or any congressional office regarding cost estimates for the proposed or actual travel on military aircraft by any of the following, other than travel on the same plane as the President or the Vice President of the United States:

- any executive branch agency secretary (other than the Secretary of Defense), administrator, commissioner, chair, director, or other agency head
- any member of White House staff (other than the President or Vice President of the United States)
- any member of Congress or congressional staff

3) All signed memoranda, approval letters, or other records sent to DOD by any executive branch agency, the White House staff, or any congressional office authorizing travel on military aircraft by any of the following, other than travel on the same plane as the President or the Vice President of the United States:

- any executive branch agency secretary (other than the Secretary of Defense), administrator, commissioner, chair, director, or other agency head
- any member of White House staff (other than the President or Vice President of the United States)
- any member of Congress or congressional staff

The search for responsive records should include all individuals and locations where records are likely to exist, including at least the Office of the Executive Secretary.

Please provide all responsive records from January 20, 2017, to the date the search is conducted.

13.     DOD assigned the MILAIR FOIA request the tracking number 18-F-0088.

14. By letter dated October 24, 2017, DOD indicated that it would "not be able to respond to the request within FOIA's 20-day statutory period as there are unusual circumstances which impact [DOD's] ability to quickly process [American Oversight's] request."

15. By letter dated November 3, 2017, DOD informed American Oversight that DOD has "determined that information responsive to [American Oversight's] request may also exist with the U.S. Department of the Air Force (USAF)" and that DOD had "referred [American Oversight's] FOIA request to USAF for search and direct response to [American Oversight]."

16. By letter dated November 17, 2017, the Department of the Air Force assigned the MILAIR FOIA request the tracking number 2018-00585-F.

17. American Oversight has not received any further communications from DOD or USAF regarding the MILAIR FOIA request.

*FAA FOIA Request*

18. On February 27, 2018, American Oversight submitted a FOIA request ("FAA FOIA") to FAA seeking:

> 1) Records sufficient to identify each time any of the following requested to use, were approved to use, or actually used FAA-owned or FAA-leased aircraft bearing the tail numbers N1, N2, or N3 for official or personal travel:
>    - any executive branch agency secretary, administrator, commissioner, chair, director, other agency head
>    - any member of the White House staff
>    - any member of Congress or congressional staff
>
> 2) Correspondence between the FAA and any executive branch agency, the White House staff, or any congressional office regarding cost estimates for the proposed or actual travel of any of the following on FAA-owned or FAA-leased aircraft bearing the tail numbers N1, N2, or N3:
>    - any executive branch agency secretary, administrator, commissioner, chair, director, other agency head
>    - any member of the White House staff
>    - any member of Congress or congressional staff

5

    3) All signed memoranda, approval letters, or other records sent by any executive branch agency or by the White House or any congressional office authorizing the use of FAA-owned or FAA-leased aircraft bearing the tail numbers N1, N2, or N3 for any of the following:
- any executive branch agency secretary, administrator, commissioner, chair, director, other agency head
- any member of the White House staff (not including the President or Vice President of the United States)
- any member of Congress or congressional staff

    4) For every flight identified in items 1, 2, or 3 above, any manifests, passenger lists, or other records sufficient to identify the names of all persons—excluding the FAA pilot and copilot—who traveled on that flight or on any segment of that flight.

    The search for responsive records should include all individuals and locations where records are likely to exist, including FAA offices or facilities located at Hangar 6 at Ronald Reagan Washington National Airport (DCA).

    Please provide all responsive records from January 20, 2017, to the date the search is conducted.

19.    FAA assigned the FAA FOIA request the tracking number 2018-005545.

20.    By letter dated April 2, 2018, FAA advised American Oversight that it had denied American Oversight's request for a fee waiver in connection with the FAA FOIA request.

21.    American Oversight has received no further communications from FAA regarding the processing of its FAA FOIA request.

*Senior Federal Travel (SFT) FOIA Request*

22.    On November 1, 2017, American Oversight filed a FOIA request ("SFT FOIA") with GSA seeking:

    1) All agency SFT [Senior Federal Travel] data submitted to GSA to comply with the reports due on April 1, 2016.

    2) All agency SFT data submitted to GSA to comply with the reports due on October 31, 2016.

    3) All agency SFT data submitted to GSA to comply with the reports due on April 1, 2017.

    4) All agency SFT data submitted to GSA to comply with the reports due on October 31, 2017.

23. GSA assigned the SFT FOIA request the tracking number GSA-2018-000141.

24. By letter dated November 1, 2017, GSA advised American Oversight that it anticipated providing a response "on or prior to December 1, 2017." On that same date, GSA advised American Oversight that it had determined that the SFT FOIA request was not billable.

25. American Oversight has received no further communication from GSA regarding the processing of its SFT FOIA request.

*Exhaustion of Administrative Remedies*

26. As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding the FOIA requests, including the scope of any responsive records they intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

27. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Records
### Responsive to its FOIA Requests

28. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. American Oversight properly requested records within the possession, custody, and control of Defendants.

30. Defendants are an agencies subject to FOIA or components of such agencies and must therefore make reasonable efforts to search for requested records.

31. Defendants failed to review promptly agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

32. Defendants' failure to conduct an adequate search for responsive records violates FOIA.

33. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records
### Responsive to its FOIA Requests

34. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35. American Oversight properly requested records within the possession, custody, and control of Defendants.

36. Defendants are agencies subject to FOIA, or components of such agencies, and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

37. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA requests.

38. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

39. Defendants' failure to provide all non-exempt responsive records violates FOIA.

40. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: April 6, 2018               Respectfully submitted,

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
beth.france@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*